EL PUEBLO, DEMANDANTE Y APELADO, *v.* VÁZQUEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 621.—Resuelto en noviembre 6, 1913.

LOTERÍAS—VENDEDOR DE BILLETES—CÓMPLICES—DECLARACIÓN DEL COMPRADOR DE LOS BILLETES.—Como el artículo 293 del Código Penal sólo declara constitutivo de delito el hecho de la venta de billetes de lotería, pero no la compra de los mismos, el comprador no puede considerarse como cómplice del vendedor y por lo tanto su declaración en una causa contra el vendedor no necesita la corroboración que exige el artículo 253 del Código de Enjuiciamiento Criminal para las declaraciones de los cómplices en general.

Los hechos están expresados en la opinión.
Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*
Abogado del acusado: *Sr. Antonio Trujillo.*

EL JUEZ ASOCIADO SR. DEL TORO emitió la opinión del tribunal.

El presente es un recurso de apelación contra sentencia de la Corte de Distrito de San Juan, Sección 2ª., dictada el 16 de abril de 1913 condenando a Felipe Vázquez como autor de un delito de vender billetes de lotería, a pagar la multa de $75 y en su defecto a sufrir un día de cárcel por cada dólar de la multa que dejare de satisfacer.

La acusación, en lo pertinente, dice así:

"El citado Felipe Vázquez, allá en uno de los últimos días del mes de marzo de 1912, en el Distrito Judicial de San Juan, ilegal y voluntariamente vendió a Luciano Ramos, 54 billetes de la lotería de Santo Domingo, serie No. 155 del 14 de abril de 1912."

El acusado alegó que no era culpable, y, señalado día para la vista, en ella declaró el testigo Luciano Ramos bajo juramento lo que sigue:

"Que allá en uno de los días del mes de marzo de 1912 le compró al acusado unos billetes de la lotería de Santo Domingo, que a conse-

cuencia de esos mismos billetes que compró al acusado, fué procesado por estar acusado de habérselos vendido a otra persona. Que fué procesado por esta misma causa y fué condenado.''

Luego el Fiscal introdujo como prueba la confesión escrita del acusado. Este se opuso y apareciendo que dicha confesión se había hecho ante el Fiscal sin que se advirtiera previamente al acusado de los derechos que la ley le concedía, el propio Fiscal retiró el documento introducido.

Entonces el acusado solicitó el sobreseimiento de la causa por entender que no había prueba de ninguna clase en contra suya, ya que la única declaración prestada lo había sido por un testigo que tenía la condición de cómplice. Denegada la moción, no se presentó prueba de descargo y la corte dictó la sentencia a que nos hemos referido anteriormente.

La única cuestión, pues, a resolver en este caso es la de si la sola declaración de Luciano Ramos puede servir de base a la sentencia condenatoria dictada.

El artículo 253 del Código de Enjuiciamiento Criminal, dice así:

''No procede la convicción por declaración de un cómplice, a no ser que ésta sea confirmada por alguna otra prueba que, por sí misma y sin la ayuda del testimonio del cómplice, tienda a demostrar la relación del acusado con la comisión del delito; no siendo suficiente dicha corroboración si sólo prueba la perpetración del delito o las circunstancias del mismo.''

En su consecuencia, si Luciano Ramos fué realmente cómplice del apelante Vázquez, dicha prueba no sería suficiente para la convicción de este último, ya que no fué corroborada por ninguna otra tendente por sí misma a demostrar la relación del acusado con la comisión del delito. Por el contrario, si Ramos no puede considerarse cómplice de Vázquez, su sola declaración, habiendo merecido como mereció entero crédito a la corte, podría servir como sirvió de base para la sentencia condenatoria dictada.

Sostiene el apelante que por el hecho de haber comprado

el testigo al acusado los billetes a que se refiere la acusación, se convirtió en su cómplice. Sin embargo, si bien es cierto que ambos intervinieron en un solo contrato, también lo es que la ley sólo declara constitutivo de delito ese contrato en cuanto a una de las partes que interviene en el mismo o sea en cuanto al vendedor. El otro contratante no incurre en responsabilidad penal y por lo tanto, a los efectos de la ley penal no puede considerársele como cómplice del acto delictivo realizado.

"De conformidad con los principios de evidencia que más adelante consideramos, cómplice es la persona que de cierto modo está relacionada con la comisión del delito. El vocablo es extensivo a, todas aquellas personas que tienen participación en el delito, ya. como autores o principales en primero o segundo grado, o como encubridores. El medio de prueba para determinar si una persona es cómplice consiste en cerciorarse de si podría presentarse una acusación contra dicha persona' por el delito por el cual se juzga al acusado." 12 Cyc., 445, y casos citados. Véanse también los arts. 35, 36, 37 y 47 del Código Penal.

Como hemos dicho, la ley vigente en Puerto Rico no castiga al comprador de un billete de lotería y por lo tanto, de acuerdo con la ley no podría formularse contra él una acusación por el delito de vender billetes, expresamente previsto y castigado en el artículo 293 del Código Penal y por el cual fué juzgado y condenado el acusado en esta causa. En tal virtud, el testimonio del testigo Ramos que compró los billetes, no puede considerarse como el de un cómplice' que esté necesitado de corroboración.

En apoyo de nuestra doctrina citaremos además la jurisprudencia establecida en los casos de *Ex parte McClain,* 134 Cal., 110, 111; *Keith* v. *The State,* 38 Tex. Cr. App., 678, 680, y *People* v. *Emerson,* 6 N. Y. Cr., 157, 5 N. Y. Supp., 374.

En el primero de dichos casos o sea en el *Ex parte McClain* se resolvió que, de acuerdo con la Constitución del Estado de California, una corporación municipal, en el ejercicio de su poder de policía, podía declarar ilegal el que una per-

sona tuviera en su poder billetes de lotería, y castigar su vio-
lación, y en el curso de la opinión, al estudiar la ley penal
vigente en el Estado, que es similar a la que rige en Puerto
Rico, se dice:

"Es cierto que el Estado si bien declara constitutivo de delito el
vender billetes de lotería, no considera al comprador igualmente cul-
pable. Esto no quiere decir que se ponga en duda el derecho del
Estado a declarar, si así lo creyere propio, que el comprador de un
billete de lotería se considere, al igual que el vendedor, culpable de
un delito menos grave."

En el segundo o sea en el de *Keith* v. *The State* se resol-
vió, que en un delito de venta de licores prohibida por la ley,
sólo el vendedor era culpable y que por tanto no podía con-
siderarse al comprador como cómplice del vendedor.

Y en el tercero, según se expresa en 12 Cyc., 448, se decidió
que el comprador de un billete de lotería no es cómplice del
vendedor, cuando al último se le acusa de la venta solamente.

En tal virtud y habiendo examinado cuidadosamente la
transcripción en su totalidad y no encontrando que se haya
cometido error fundamental alguno, procede que se declare
sin lugar el recurso establecido y se confirme la sentencia
apelada.

*Confirmada la sentencia.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la reso-
ción de este caso.